No. 91. FORT *v.* CITY OF MIAMI. Dist. Ct. App. Fla., 3d Dist. Certiorari denied. *Irma Robbins Feder* and *Richard Yale Feder* for petitioner. *Jack R. Rice, Jr.,* for respondent.

MR. JUSTICE STEWART, with whom MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS join, dissenting.

The petitioner created six fiberglass statues which he offered for sale in his backyard. Two police officers approached his home, confiscated the statues, and arrested him for violating a municipal ordinance that prohibits the knowing possession of obscene figures or images for sale.[1]

The petitioner was convicted, his conviction was affirmed, and the Florida District Court of Appeal denied certiorari. Unable to obtain review in any higher Florida court,[2] he brought to this Court the federal

---

[1] Section 38 of Chapter 43 of the Miami Code provides that it shall be unlawful for any person to commit an act which is recognized by the laws of the State as a misdemeanor. Under c. 61–7, Laws 1961, Fla. Stat. § 847.011 (1)(a), it is a misdemeanor to have in one's "possession, custody, or control with intent to sell . . . any obscene, lewd, lascivious, filthy, indecent, [or] immoral . . . figure [or] image."

[2] The Florida Supreme Court may review by certiorari a decision of a district court of appeal "in direct conflict with a decision of another district court of appeal or of the supreme court on the same point of law." Fla. Const., Art. V, § 4 (2); Fla. App. R. 4.5c (6). Although the State suggests that the petitioner might have invoked this "conflict jurisdiction" in order to obtain review of his conviction in the Florida Supreme Court, the petitioner states that no Florida decision of which he is aware conflicts with that of the District Court of Appeal, and the State's response to the petition for certiorari refers to no decision that even purports to pass upon the issues here involved. Under these circumstances, I am satisfied that the judgment of the District Court of Appeal in this case was "rendered by the highest court of a State in which a decision could be had," as required by 28 U. S. C. § 1257.

constitutional claims he had unsuccessfully advanced at every stage of the state litigation.

It is clear that the ordinance under which he was convicted is unconstitutional on its face. That ordinance adopts the definition of obscenity embodied in a Florida statute: [3]

> "For the purposes of this section, the test of whether or not material is obscene is: Whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest."

Members of this Court have expressed differing views as to the extent of a State's power to suppress "obscene" material through criminal or civil proceedings. But it is at least established that a State is without power to do so upon the sole ground that the material "appeals to prurient interest." [4]

The petitioner in this case was charged, tried, and convicted under a statutory provision which contains no

---

[3] Chapter 61–7, Laws 1961; Fla. Stat. § 847.011 (10).

[4] The "prurient interest" language of the Florida statute may be traced to a sentence in this Court's opinion in *Roth* v. *United States*, 354 U. S. 476, 489. That language, however, cannot be taken to establish a constitutionally sufficient "test" of obscenity. The prevailing opinion by MR. JUSTICE BRENNAN in *Memoirs* v. *Massachusetts*, 383 U. S. 413, recognized that a State may not suppress matter as "obscene" unless "(a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value," stressing that the "three elements must coalesce." 383 U. S., at 418. MR. JUSTICE WHITE dissented in that case, nonetheless expressing the opinion that a legislature is not free to ban works of art or literature "simply because they deal with sex or because they appeal to the prurient interest." *Id.*, at 462. See *Redrup* v. *New York*, 386 U. S. 767.

other criterion of "obscenity." This conviction therefore rests upon a law incompatible with the guarantees of the First and Fourteenth Amendments of the United States Constitution.

I would grant the petition for certiorari and reverse the judgment.